

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00243-CR

———————————————

Ex parte Kimberly Jones

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1922905

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Kimberly Jones appeals the trial court's denial of her pretrial application for writ of habeas corpus. In two issues, Jones argues that there was no probable cause for her arrest and that probable cause does not exist to support her continued detention. Because these complaints are not the proper subjects of a pretrial writ of habeas corpus, we will reject them. Accordingly, we will affirm the trial court's order denying habeas relief.

## II. BACKGROUND

Jones was arrested and charged with three counts of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2). She was later released on a $25,000 bond for each offense. Jones then filed a pretrial application for writ of habeas corpus, arguing that "no probable cause exists for [her] arrest and continued detention." The trial court denied Jones's writ.[1] According to the trial court's order, the denial was based on "[Jones's] application and the evidence available in the clerk's record." This habeas appeal followed.

---

[1]In her brief, Jones contends, without citing to the record, that the State opposed a hearing on the writ. We have reviewed the clerk's record and have not seen anything in it to indicate that Jones attempted to set her application for hearing or that the State opposed any request for a hearing. We note that the appellate record does not contain a reporter's record.

### III. DISCUSSION

In two issues, which we group together,[2] Jones argues that there was no probable cause for her arrest and that probable cause does not exist to support her continued detention.

### 1. Standard of Review and Applicable Law

Habeas corpus is an extraordinary remedy used to challenge the legality of one's restraint. *Ex parte Kleinman*, 721 S.W.3d 400, 403 (Tex. Crim. App. 2025); *Ex parte Blakely*, No. 02-17-00393-CR, 2018 WL 1191875, at *1 (Tex. App.—Fort Worth Mar. 8, 2018, pet. ref'd) (mem. op., not designated for publication). "Thus, pretrial habeas corpus is available 'only in very limited circumstances.'" *Ex parte Sheffield*, 685 S.W.3d 86, 93 (Tex. Crim. App. 2023) (quoting *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)); *see Blakely*, 2018 WL 1191875, at *1 ("A defendant may use a pretrial writ of habeas corpus only in very limited circumstances—for instance, to raise claims of double jeopardy, collateral estoppel, and bail, because if he were not allowed to do so, those protections would be effectively undermined."). Neither a trial court nor an appellate court should

---

[2]Jones's brief does not contain any meaningful distinction between the arguments raised in her first and second issues. In her first issue, she argues that "the [S]tate failed to discharge its burden of proof on the issue of probable cause for arrest" because there was no hearing on her application. In her second issue, she cursorily contends, "By opposing the hearing on the merits, the State failed to discharge its burden on this issue as well." In its brief, the State grouped Jones's two issues together; we do the same.

entertain an application for a writ of habeas corpus when there is an adequate remedy at law, and we must be careful to ensure that a pretrial writ is not misused as an impermissible interlocutory appeal. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Blakely*, 2018 WL 1191875, at *1.

The burden of establishing entitlement to pretrial habeas relief is on the applicant. *Ex parte Martinez*, 731 S.W.3d 940, 943 (Tex. App.—Austin 2026, no pet.); *Ex parte Rotter*, No. 02-23-00003-CR, 2023 WL 3370725, at *4 n.9 (Tex. App.—Fort Worth May 11, 2023, no pet.) (mem. op., not designated for publication). We review a trial court's ruling denying habeas relief for an abuse of discretion, and we will not disturb the trial court's ruling unless it acted without reference to any guiding rules and principles. *Ex parte Johnson*, No. 12-21-00230-CR, 2022 WL 1286561, at *1 (Tex. App.—Tyler Apr. 29, 2022, no pet.) (mem. op., not designated for publication); *Blakely*, 2018 WL 1191875, at *1.

**2. Analysis**

We begin our analysis by addressing whether Jones's complaints are appropriate for pretrial habeas relief. *See State v. Colin-Tapio*, 679 S.W.3d 263, 264 (Tex. App.—San Antonio 2023, no pet.) ("Whether a claim is cognizable on pretrial habeas is a threshold issue that we must address first."). In its brief, the State argues that Jones's "probable[-]cause complaints are not a proper subject for consideration in a pre[]trial habeas corpus writ." It cites two cases—*Blakely* and *Ex parte Whitaker*—to support its contention. *See Whitaker*, No. 12-22-00043-CR, 2022 WL 1572050 (Tex.

4

App.—Tyler May 18, 2022, no pet.) (mem. op., not designated for publication); *Blakely*, 2018 WL 1191875.

In *Blakely*, the applicant filed a pretrial application for writ of habeas corpus arguing, among other things, that he was unlawfully arrested without warrant or probable cause. 2018 WL 1191875, at *1. At a hearing on his application, the trial court took judicial notice of the fact that he had been released on bond after he had been arrested. *Id.* The trial court declined to issue the writ, noting that the applicant could address his concerns through other pretrial motions. *Id.* On appeal, we held that the applicant's claims were "not the proper subjects of a pretrial writ of habeas corpus." *Id.* at *2. We noted that his complaints did "not raise any issues of double jeopardy or collateral estoppel, nor [did] he complain about the amount of bail set in [his] case." *Id.* We also said that his argument that he was unlawfully arrested without warrant or probable cause was the proper subject of a motion to suppress to be reviewed on direct appeal. *Id.* Accordingly, we affirmed the trial court's denial of habeas relief. *Id.* at *3.

In *Whitaker*, the applicant filed a pretrial application for writ of habeas corpus arguing that "no probable cause exist[ed] for [his] arrest and continued detention." 2022 WL 1572050, at *1. The trial court denied his application. *Id.* On appeal, the applicant argued that the trial court had abused its discretion by denying the writ because officers lacked probable cause to arrest him and because no probable cause existed for his continued detention. *Id.* The Tyler Court of Appeals rejected that

5

argument, holding that the applicant's complaints were "not the proper subjects of a pretrial writ of habeas corpus." *Id.* at \*2. The appellate court noted that the complaints "d[id] not raise issues of double jeopardy or collateral estoppel, nor [did they] complain about the amount of bail set in [the] case." *Id.* The court further stated that the applicant's claim that he was unlawfully arrested without a warrant or probable cause was the proper subject of a motion to suppress. *Id.* Ultimately, the Tyler Court of Appeals affirmed the trial court's denial of habeas relief. *Id.*

With those authorities in mind, we hold that Jones's complaints are not the proper subjects of a pretrial writ of habeas corpus. *See id.*; *Blakely*, 2018 WL 1191875, at \*2; *see also McKeand v. State*, 430 S.W.3d 572, 573 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (per curiam) (holding that defendant's challenges to the legality of his arrest and the consequences arising from his arrest could not be raised by his application for a pretrial writ of habeas corpus). They do not raise any issues of double jeopardy or collateral estoppel, nor do they complain about the amount of bail set in this case. *See Whitaker*, 2022 WL 1572050, at \*2; *Blakely*, 2018 WL 1191875, at \*2. We further note that Jones's complaint that she was arrested without probable cause is the proper subject of a motion to suppress. *See Whitaker*, 2022 WL 1572050, at \*2; *Blakely*, 2018 WL 1191875, at \*2; *see also Ex parte Brooks*, 97 S.W.3d 639, 640 (Tex. App.—Waco 2002, no pet.) (mem. op.) (holding that applicant had an adequate remedy at law to address his complaint that his arrest was without probable cause because he could pursue that claim in a motion to suppress).

6

Given the foregoing authorities and the very limited nature of the extraordinary remedy of pretrial habeas relief, we cannot say that the trial court acted without reference to any guiding rules and principles or that it abused its discretion by denying Jones's application without conducting a hearing. *See Kleinman*, 721 S.W.3d at 403; *Sheffield*, 685 S.W.3d at 93; *Johnson*, 2022 WL 1286561, at *1; *Blakely*, 2018 WL 1191875, at *1. We thus overrule Jones's two issues.

## IV. CONCLUSION

Having overruled Jones's two issues, we affirm the trial court's order denying habeas relief.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 6, 2026